# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| KAREN LOPEZ-EASTERLING,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC<br><br>Defendant. | Case No. 2:14-CV-01493-RDP |

### PARTIES' REVISED JOINT PROPOSED JURY INSTRUCTIONS

The parties hereby submit their proposed jury charges and related special interrogatories with regard to FLSA claims and defenses and damages (Instruction Nos. 14, 15, & 16) (*See* Dkt. 45). Deviations from the language contained in the Eleventh Circuit Pattern Jury Instructions are identified by italicized text. The parties have marked each paragraph with Roman numerals for ease of reference. Regarding the Roman numeral-numbered paragraphs, Plaintiffs have no objections to Paragraph Nos. I, II, III, IV, IX, X, XI, XII, XV, XVII, XVIII. Specific disputes regarding substantive language are identified by bolded text. Disputed deviations are italicized and bolded. Contemporaneously with this filing, Plaintiff's comments, objections, and alternative proposals to the remainder of the Instructions are contained in Exhibit A. Defendant's response to those comments, objections, and alternative proposals are contained in Exhibit B.

**INSTRUCTION NO. 14: 4.14 Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.**

**I.** In this case, Ms. Lopez-Easterling claims that Charter did not pay overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

**II.** To succeed on her claim against Charter, Ms. Lopez-Easterling must prove by a preponderance of the evidence that:

1. *Ms. Lopez-Easterling worked over 40 hours in a particular workweek;*

2. *Charter had actual or constructive knowledge that Ms. Lopez-Easterling worked over 40 hours in a workweek; and*[1]

3. *Charter failed to pay Ms. Lopez-Easterling overtime pay as required by law.*

**III.** *As to the first element,* the law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Ms. Lopez-Easterling claims that Charter failed to keep and maintain adequate records of her hours and pay. Ms. Lopez-Easterling also claims that Charter's failure to keep and maintain adequate records has made it difficult for her to prove the exact amount of her claim.

**IV.** If you find that Charter failed to keep adequate time and pay records for Ms. Lopez-Easterling and that Ms. Lopez-Easterling performed work for which she should have been paid, Ms. Lopez-Easterling may recover a reasonable estimation of the amount of her damages.

---

[1] *Lopez-Easterling v. Charter Commc'ns, LLC,* No. 2:14-cv-01493-RDP, Dkt. 69 (Transcript of Proceedings held on 4/19/2017 at 25-26) (stating (1) "you have to show that she worked over 40 hours in a workweek . . .;" (2) "there's actual or constructive knowledge that she worked over 40 hours in a workweek. . .;" and (3) "they failed to pay her overtime pay, and then she has to prove what her actual damages are."); *Lopez-Easterling v. Charter Commc'ns,* LLC, No. 2:14-CV-01493-RDP, 2016 WL 892774, at *11 (N.D. Ala. Mar. 9, 2016) ("[T]o prevail on her FSLA claim *at trial,* Plaintiff must show by a preponderance of the evidence that she worked overtime without compensation, or is entitled to such an inference.") (emphasis in original); *Lopez-Easterling v. Charter Commc'ns, LLC*, 2016 WL 892774, at *8 (N.D. Ala. Mar. 9, 2016) ("And, 'where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer...of the overtime work, the employer's failure to pay for the overtime hours is *not* a violation of' the FLSA.") (internal citations omitted); *Allen v. Bd. of Pub. Educ. for Bibb Cty.,* 495 F.3d 1306, 1323 (11th Cir. 2007) (employee must show employer "had actual or constructive knowledge of [the] overtime work.").

But to recover this amount, Ms. Lopez-Easterling must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which she seeks pay.

**V.     When considering this element, you should consider that "[b]ona fide meal periods are not worktime . . . The employee must be completely relieved from duty for the purposes of eating regular meals.  Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions."[2]**

**VI.     As to the second element, actual knowledge means Charter actually knew that Ms. Lopez-Easterling worked overtime. Constructive knowledge is knowledge that can be gained through the exercise of reasonable diligence.[3]   If a supervisor is aware of information suggesting that an employee is or may be working off-the-clock, the supervisor has a duty to inquire about those conditions.[4]   The reason that the employee performed the work is not relevant. If the employer knows or has reason to believe through reasonable diligence that the employee has worked additional overtime hours, the additional hours must be counted.[5]**

---

[2] 29 C.F.R. § 785.19.

[3] Fifth Circuit Pattern Jury Instructions (2014), Pattern Instruction 11.24 ("common legal issues" explaining "To recover for overtime hours the employee claims he or she worked without proper compensation, the employee must demonstrate that the employer had knowledge, actual or constructive, that he was working overtime" and including instruction "For cases involving a contention that the employer did not know or have reason to believe that the employee worked more than 40 hours in a workweek") (internal citations and quotations omitted); a court "need only inquire whether the circumstances . . . were such that the employer either had knowledge [of overtime hours being worked] or else had 'the opportunity through reasonable diligence to acquire knowledge.'"  *Id*. (emphasis and changes in original); *see also Newton*, 47 F.3d at 749 (reiterating that "[i]n *Brumbelow*, we acknowledged that an employee would not be estopped from claiming additional overtime if '[t]he court found that the employer knew or had reason to believe that the reported information was inaccurate.'"  (quoting *Brumbelow*, 462 F.2d at 1327)).

[4] *Lopez-Easterling v. Charter Commc'ns, LLC*, No. 2:14-CV-01493-RDP, 2016 WL 892774, at *9 (N.D. Ala. Mar. 9, 2016).

[5] *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007) (internal citation omitted); *Reich v. Dep't of Conservation & Nat. Res., State of Ala.*, 28 F.3d 1076, 1081–82 (11th Cir. 1994).

3

**VII.** *As to the third element,* the FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. This is commonly known as time-and-a-half pay for overtime work. The amount of damages would be the difference between the amount Ms. Lopez-Easterling should have been paid and the amount she was actually paid ***for any workweek where she has proven by a preponderance of the evidence that she worked for 40 hours or more, with the actual or constructive knowledge of Charter.*[6]**

---

[6] *Lopez-Easterling v. Charter Commc'ns, LLC,* No. 2:14-cv-01493-RDP, Dkt. 69 (Transcript of Proceedings held on 4/19/2017 at 25-26) (stating (1) "you have to show that she worked over 40 hours in a workweek . . .;" (2) "there's actual or constructive knowledge that she worked over 40 hours in a workweek. . .;" and (3) "they failed to pay her overtime pay, and then she has to prove what her actual damages are."); *Lopez-Easterling v. Charter Commc'ns,* LLC, No. 2:14-CV-01493-RDP, 2016 WL 892774, at *11 (N.D. Ala. Mar. 9, 2016) ("[T]o prevail on her FSLA claim *at trial,* Plaintiff must show by a preponderance of the evidence that she worked overtime without compensation, or is entitled to such an inference.") (emphasis in original); *Lopez-Easterling v. Charter Commc'ns, LLC*, 2016 WL 892774, at *8 (N.D. Ala. Mar. 9, 2016) ("And, 'where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer...of the overtime work, the employer's failure to pay for the overtime hours is *not* a violation of' the FLSA.") (internal citations omitted); *Allen v. Bd. of Pub. Educ. for Bibb Cty.,* 495 F.3d 1306, 1323 (11th Cir. 2007) (employee must show employer "had actual or constructive knowledge of [the] overtime work.").

# **DEFENDANT'S PROPOSED INSTRUCTION NO. 15: *DE MINIMIS*[7]**
(to be given, if necessary)

**VIII.** Even if Ms. Lopez-Easterling can prove by a preponderance of the evidence the elements of her claim, *Charter is not required to pay for her time worked during her meal breaks if it proves by a preponderance of the evidence that the amount of time is "de minimis," or in other words, insubstantial or insignificant. Charter bears the burden of proof on this defense, and must prove by a preponderance of the evidence that the amount of time Ms. Lopez-Easterling may have worked on her meal breaks was not significant enough to require payment under the FLSA.*

*In determining the validity of this defense, you may consider the following:*

*(1) the practical administrative difficulty of recording additional time;*

*(2) the aggregate amount of compensable time;*

*(3) **whether the work performed was typically longer or shorter than ten or fifteen minutes;***

*(4) **the regularity of the additional work;***

*(5) **whether the work performed required substantial time and effort;***

*(6) **whether the work performed was interspersed with other activities such as socializing, playing on her phone, or eating?***

*Charter does not need to prove all of these factors to find that the work performed was de minimis. If the balance of factors results in finding that the time spent helping customers or working during her meal period was de minimis, Charter is not required to pay Ms. Lopez-Easterling for these activities.*

---

[7] Exhibit A contains Plaintiff's alternate proposed *de minimis* charge. Defendant maintains that if a *de minimis* instruction is given, the damages instruction should follow the *de minimis* instruction because if Defendant proves any time worked off-the-clock is *de minimis*, Defendant is not liable under the FLSA. If a *de minimis* instruction is not given, the damages instruction should immediately follow the FLSA instruction.

*GIVEN:* _____

*REFUSED:* _____

Source:   11th Circuit Pattern Jury Instructions (2013), Pattern Instruction 3.7.2; 29 C.F.R. § 785.47; *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946); *Lewis v. Keiser Sch., Inc.,* No. 11-62176-CIV, 2012 WL 4854724, at *2 (S.D. Fla. Oct. 12, 2012); *Burks v. Equity Grp.-Eufaula Div., LLC,* 571 F. Supp. 2d 1235, 1247 (M.D. Ala. 2008) (*citing Lindlow v. United States,* 738 F. 2d 1057, 1063 (9th Cir. 1984));  *Eddings v. Health Net, Inc.,* 2012 U.S. Dist. LEXIS 51158 (C.D. Cal. 2010)(*citing Rutti v. Lojack Corp., Inc.,* 596 F.3d 1046, 1058-59 (9th Cir. 2010));  *Brothers v. Tyson Foods, Inc.*, No. 4:06-cv-4676-VEH, Dkt. No. 163, Court's Instructions to the Jury (N.D. Ala. Nov. 1, 2007).

# INSTRUCTION NO. 15/16: DAMAGES[8]

**IX.** If you find that Ms. Lopez-Easterling has proven her case by a preponderance of the evidence [*if necessary: and that Charter has <u>not</u> proven by a preponderance of the evidence that the alleged overtime work was de minimis,*][9] then Ms. Lopez-Easterling is entitled to damages.

**X.** If you find Ms. Lopez-Easterling is entitled to damages, Ms. Lopez-Easterling is entitled to recover lost overtime wages from the date of your verdict back to no more than two years before she filed this lawsuit on July 31, 2014 -- unless you find that Charter either knew or showed reckless disregard for whether the FLSA prohibited its conduct.

**XI.** If you find that Charter knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Ms. Lopez-Easterling is entitled to recover lost wages from the date of your verdict back to no more than three years before she filed this lawsuit.

**XII.** *Normally, a jury is tasked with finding and calculating damages, if any. However, because of the nature of the claims in this case, the parties do not dispute Ms. Lopez-Easterling's regular rate of pay or her overtime rate, and they will calculate the amount of damages – you only need to determine the number of hours worked over 40 for which Plaintiff was not paid.*

---

[8] Defendant maintains that if a *de minimis* instruction is given, the damages instruction should follow the *de minimis* instruction because if Charter proves any time worked off-the-clock is *de minimis,* Charter is not liable under the FLSA. If a *de minimis* instruction is not given, the damages instruction should immediately follow the FLSA instruction.

[9] 8th Circuit Model Civil Jury Instructions (2017), Pattern Instruction 16.70.

7

**SPECIAL INTERROGATORIES TO THE JURY**

Do you find from a preponderance of the evidence:

XIII.   **1. *That Ms. Lopez-Easterling worked an ascertainable amount over 40 hours in at least one workweek without pay?***

Answer Yes or No    _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

XIV.   **2. *That Charter actually or constructively knew that Ms. Lopez-Easterling worked over 40 hours in at least one workweek without pay?*[10]**

Answer Yes or No    _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

XV.   3. That Charter failed to pay Ms. Lopez-Easterling overtime pay required by law?

Answer Yes or No    _____

---

[10] *Lopez-Easterling v. Charter Commc'ns, LLC,* No. 2:14-cv-01493-RDP, Dkt. 69 (Transcript of Proceedings held on 4/19/2017 at 25-26) (stating (1) "you have to show that she worked over 40 hours in a workweek . . .;" (2) "there's actual or constructive knowledge that she worked over 40 hours in a workweek. . .;" and (3) "they failed to pay her overtime pay, and then she has to prove what her actual damages are."); *Lopez-Easterling v. Charter Commc'ns,* LLC, No. 2:14-CV-01493-RDP, 2016 WL 892774, at *11 (N.D. Ala. Mar. 9, 2016) ("[T]o prevail on her FSLA claim *at trial,* Plaintiff must show by a preponderance of the evidence that she worked overtime without compensation, or is entitled to such an inference.") (emphasis in original); *Lopez-Easterling v. Charter Commc'ns, LLC*, 2016 WL 892774, at *8 (N.D. Ala. Mar. 9, 2016) ("And, 'where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer...of the overtime work, the employer's failure to pay for the overtime hours is *not* a violation of' the FLSA.") (internal citations omitted); *Allen v. Bd. of Pub. Educ. for Bibb Cty.,* 495 F.3d 1306, 1323 (11th Cir. 2007) (employee must show employer "had actual or constructive knowledge of [the] overtime work.")

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

**XVI.    4.** *[If necessary: That the unpaid work over 40 hours per week was not de minimis?]*[11]

Answer Yes or No         _____

If your answer is "Yes," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.

**XVII.** 5.   That Charter knew or showed reckless disregard for whether the FLSA prohibited its conduct?

Answer Yes or No         _____

---

[11] 11th Circuit Pattern Jury Instructions (2013), Pattern Instruction 3.7.2; 29 C.F.R. § 785.47; *Anderson Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946); 8th Circuit Model Civil Jury Instructions (2017), Pattern Instruction 16.70.

**XVIII.** 6.  *That Ms. Lopez-Easterling is entitled to be compensated for hours worked over 40 for each period below?*

    a. *If your answer to Question 5 is yes, you should consider hours worked over 40 for all date ranges below.*

| Date Range | Overtime Hours |
|---|---|
| 7/31/2011-3/31/2012<br>35 workweeks | |
| 4/1/2012-7/30/2012<br>17 workweeks and 2 days | |
| 7/31/2012-4/13/2013<br>36 workweeks and 5 days | |
| 4/14/2013-4/5/2014<br>51 workweeks | |
| 4/6/2014-5/20/2014<br>6 workweeks | |

    b. *If your answer to Question 5 is no, you should consider hours worked over 40 for all date ranges below.*

| Date Range | Overtime Hours |
|---|---|
| 7/31/2012-4/13/2013<br>36 workweeks and 5 days | |
| 4/14/2013-4/5/2014<br>51 workweeks | |
| 4/6/2014-5/20/2014<br>6 workweeks | |

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

Dated: May 11, 2017

                    Respectfully submitted,

                    CHARTER COMMUNICATIONS, LLC
                    By:  s/ Stephanie H. Mays
                        *One of Its Attorneys*

                    Stephanie H. Mays
                    Maynard, Cooper & Gale PC
                    1901 Sixth Avenue North
                    2400 Regions/Harbert Plaza
                    Birmingham, Alabama 35203
                    T: 205-254-1844
                    F: 205-254-999

                    Sari M. Alamuddin (pro hac vice)
                    Meredith E. Riccio (pro hac vice)
                    MORGAN, LEWIS & BOCKIUS LLP
                    77 West Wacker Drive, 5th Floor
                    Chicago, Illinois  60601
                    T: 312-324-1000
                    F: 312-324-1001
                    salamuddin@morganlewis.com

                    *Attorneys for Defendant Charter*
                    *Communications, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of May, 2017, a true and correct copy of the foregoing was submitted via the Court's ECF system and hereby served upon all counsel of record.

                                                  *s/ Meredith E. Riccio*
                                                  *Attorney for Defendant*