IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KAREN LOPEZ-EASTERLING,

Plaintiff,

vs.

CHARTER COMMUNICATIONS, LLC

Defendant.

Case No. 2:14-CV-01493-RDP

**DEFENDANT'S RESPONSES TO PLAINTIFF'S COMMENTS AND OBJECTIONS REGARDING PROPOSED FLSA CHARGE**

Defendant submits the following responses to Exhibit A, "Plaintiff's Comments and Objections Regarding Proposed FLSA Charge."

**V.** Plaintiff proposes reading the entire text of 29 C.F.R. § 785.19 to the jury for the bona fide meal period instruction. First, Defendant would remove the portion of the regulation stating, "Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods." 29 C.F.R. § 785.19, because the language is inapplicable to this matter. Plaintiff was paid for all rest periods and is not pursuing a rest period claim. As such, instructing the jury regarding "rest periods" is confusing.

Second, Defendant would remove the portion of the regulation which reads: "The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating." 29 C.F.R. § 785.19.  Although this is language is included in 29 C.F.R. § 785.19, Defendant does not think it is appropriate as part of an instruction here because it is confusing to a jury, misleading as to the law without additional context, and fails to take into account the *de*

*minimis* defense (should Defendant receive that instruction).  Adding the language could lead the jury to conclude that any interruption, no matter how long, could mean that the employee did not get a bona fide meal period.  That is not the law.  Indeed, during the telephonic conference with the Court on April 19, 2017, the Court indicated that "five minutes of work" under the law may not destroy a bona fide meal period, stating that a "five-minute interruption of a one-hour meal period does not mean that they were not free and clear during a substantial portion of the meal period . . . I think you are going to have to fight that one out with the jury in terms of establishing one, while she was given a meal period, she was not free and clear during the entire meal period, and establishing which portion of the meal period as a matter of fact, as a matter of evidence, was not free and clear; and then you can make your arguments as to whether or not that means a 5-minute interruption equals a no compensable break or noncompensable break versus a 20-minute interruption or 25-minute interruption in the middle of a period means that there should be no compensable break." *See Lopez-Easterling v. Charter Commc'ns, LLC,* No. 2:14-cv-01493-RDP, Dkt. 69 Transcript of Proceedings held on 4/19/2017 at 14-20.  *See also Lewis v. Keiser School, Inc.*, 2012 WL 4854724, at *2 (S.D. Fla. Oct. 12, 2012) (finding that the plaintiff's "time spent drafting and sending emails" during her lunch was *de minimis.*).

Ultimately, simply copying the regulation in *toto* is not appropriate because it does not tell the whole story or provide the necessary analysis courts have applied to the regulation.  *See Havrilla v. United States*, 125 Fed. Cl. 454, 463 (Fed. Cl. 2016) (recognizing that although the regulation's standard is clear regarding "completely relieved from duty," the "DOL itself has acknowledged, however, the 'ultimate decisions on interpretations of the [FLSA] are made by the courts.' . . . [C]ircuit courts of appeals that have considered the issue have rejected the 'complete relief' standard articulated by section 785.19. Instead, they have adopted a standard. . .

2

that examines the totality of the circumstances to determine whether the employee spends his meal period engaged in activities that are predominantly for his own benefit or activities that instead inure predominantly to the benefit of his employer.") (collecting cases, including Eleventh Circuit cases); *Perkins v. Bronx Lebanon Hosp. Ctr.*, No. 14-civ-1681, 2016 WL 6462117 (S.D.N.Y. Oct. 31, 2016) (finding plaintiff was "not performing activities predominantly for the benefit of his employer" during his 30-minute unpaid meal break, considering factors such as "the limitations and restrictions placed upon the employees, the extent to which those restrictions benefit the employer, the employee's duties during the meal period, the frequency of meal period interruptions, and whether employees are allowed to resume an interrupted break.") (internal citations omitted) *citing Ruffin v. MotorCity Casino,* 775 F.3d 807, 809 (6th Cir. 2015)(noting employees' duties during meal breaks were "de minimis activit[ies], not [] substantial job dut[ies]" where "guards were able to 'spen[d] their meal periods doing exactly what one might expect an off-duty employee to be doing on a meal break [--] eating, socializing, reading, surfing the Internet, and conducting personal business on their smartphones' -- particularly as the meal periods were 'only occasionally' interrupted by emergencies.") (internal citations omitted); DOL WHD Field Operations Handbook § 31b23 (stating that to determine whether a meal is bona fide, the "conditions reviewed . . . should be considered in context on a case-by-case basis, includ[ing]: work-related interruptions to the meal periods are sporadic and minimal [and] employees have sufficient time to eat a regular meal . . .")

     Rather than add more case law or language to address the nuances, Defendant maintains that it is clearer to the jury to leave out that portion of the regulation.

**VI.** Defendant maintains that the "duty to inquire" language currently contained in the instruction properly states the law and the parties' respective burdens regarding off-the-clock work. As this Court noted in its summary judgment opinion, the Eleventh Circuit "has made clear that **if a supervisor is aware of information suggesting that an employee is working off the clock, there is a duty to inquire about those conditions**." *Lopez-Easterling v. Charter Commc'ns, LLC*, No. 2:14-CV-01493-RDP, 2016 WL 892774, at *9 (N.D. Ala. Mar. 9, 2016) (emphasis added). Indeed, this makes logical sense: there must be something that triggers an employer to inquire regarding off-the-clock work. Merely stating that the employer has a duty "to inquire into the conditions prevailing in his business," does not provide the full picture, including that an employee also has a duty to accurately report time worked. *See Lopez-Easterling*, 2016 WL 892774 at *8 ("It is true that generally '[a]n employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur'. . . Likewise, '[t]here is no violation of the FLSA where the employee performs uncompensated work but deliberately prevents his or her employer from learning of it.'")(internal citations omitted).

**VII.** Defendant maintains that the language Plaintiff proposes deleting (" . . . for any workweek where she has proven by a preponderance of the evidence that she worked for 40 hours or more, with the actual or constructive knowledge of Charter.") is helpful to the jury. Although contained elsewhere in the proposed instruction, the language emphasizes to the jury that Plaintiff cannot recover damages for Plaintiff's work over 40 hours per week unless she has proven that work was done by a preponderance of the evidence with Defendant's actual or constructive knowledge. *See, e.g., Lopez-Easterling v. Charter Commc'ns*, *LLC*, No. 2:14-cv-01493-RDP, 2016 WL 892774, at *11 (N.D. Ala. Mar. 9, 2016) ("Indeed, to prevail on her

4

FLSA claim *at trial*, Plaintiff must show by a preponderance of the evidence that she worked overtime without compensation, or is entitled to such an inference") (internal citations omitted); *Lopez-Easterling v. Charter Commc'ns, LLC*, 2016 WL 892774, at *8 (N.D. Ala. Mar. 9, 2016) ("And, 'where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer . . .of the overtime work, the employer's failure to pay for the overtime hours is *not* a violation of' the FLSA.") (internal citations omitted).

**VIII.**  Defendant maintains that the *de minimis* instruction, as drafted, is an appropriate and helpful instruction for the jury.  As with Plaintiff's proposal for bona fide meal breaks (*see* V), Plaintiff's proposal to merely recite the regulation fails to provide the jury with guidance on how courts have interpreted the regulation.

Contrary to Plaintiff's contention, the factors that Defendants suggests listing come directly from the courts and will help the jury determine whether any alleged work over 40 hours is *de minimis*.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946) (discussing "application of a *de minimis* rule," and stating "[i]t is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved."); *Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4854724, at *2 (S.D. Fla. Oct. 12, 2012) ("Most courts have found daily periods of approximately 10 minutes to be *de minimis.*") (*citing Burks v. Equity Grp.-Eufaula Div., LLC,* 571 F. Supp. 2d 1235, 1247 (M.D. Ala. 2008)); *Burks*, 571 F. Supp. 2d at 1247 ("When determining whether otherwise compensable time is de minimis, courts will consider (1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work.") (*citing Lindow v. United States,* 738 F.2d 1057, 1063 (9th Cir. 1984)); *Lindlow*, 738 F.2d at 1062 (collecting cases) (*citing Carter v. Panama Canal Co.*, 314 F. Supp.

386, 392 (D.D.C 1970), *aff'd,* 463 F.2d 1289 (D.C. Cir. 1972) ("[T]he Court feels that the time required to look for an place a check mark by a name on the assignment board and walk to a duty station (2 to 15 [m]inutes) is negligible and not compensable.")); *Bartholomew v. City of Burlington, Kansas*, 5 F. Supp. 2d 1161, 1170 (D. Kan. 1998) (finding up to 15 minutes per day is *de minimis*); *see also Ruffin v. MotorCity*, No. 12-CV-11683, 2014 WL 11309796, at *5 (E.D. Mich. Mar. 10, 2014), *aff'd sub nom. Ruffin v. MotorCity Casino*, 775 F.3d 807 (6th Cir. 2015) (noting that in considering whether work was *de minimis,* "the district court also noted that guards had many freedoms during meal periods, including the ability to eat, read, make phone calls, use the Internet, and watch television."); *cf. Avery v. City of Talladega,* 24 F.3d 1337, 1347 (11th Cir. 1994) (holding police officers' meal periods non-compensable where, although needing to monitor radios on break, they were "free to spend their meal breaks in any way they wish so long as they remain in uniform, leave their radios on, and do not leave the jurisdiction.")

Indeed, in a previous wage and hour case in this District, the Court provided an instruction that contained many of the factors Defendant proposes here. *See Brothers v. Tyson Foods, Inc.*, No. 4:06-cv-4676-VEH, Dkt. No. 163 at 10-11, Court's Instructions to the Jury (N.D. Ala. Nov. 1, 2007) (including factors such as: "if [work activities] take only an insubstantial or 'de minimis' amount of time to complete; and if they cannot as a practical administrative matter be recorded for payroll purposes," and "the aggregate amount of time spent on these activities each day . . . [and] [w]ere these activities performed with regularity?").

**XIII.** Defendant maintains that the first interrogatory is proper. In order to recover *any* damages, Ms. Lopez-Easterling must prove that she worked an *ascertainable* amount over 40 hours in at least one workweek. *See Lopez-Easterling v. Charter Commc'ns*, *LLC*, 2016 WL 892774, at *11, n.6 (". . . Plaintiff may have a difficult time proving her unpaid time worked

(even by approximation) to a jury – a burden she must shoulder at trial."); *Gilson v. Indaglo, Inc.*, No. 6:12-CV-1423-ORL-18GJK, 2014 WL 12521378, at *2 (M.D. Fla. Feb. 13, 2014) (granting defendants' motions for judgment as a matter of law following trial where plaintiffs did not provide specific "documentary evidence or corroborating witness testimony to the Court in support of the schedule and total weekly hours that they claimed to have worked for [d]efendants" and Gilson provided no evidence or testimony, "beyond his own testimony, that he did not take a lunch break while employed by [d]efendants"), *aff'd,* 581 F. Appx. 832 (11th Cir. 2014)*Lopez-Easterling v. Charter Commc'ns, LLC,* No. 2:14-cv-01493-RDP, Dkt. 69 (Transcript of Proceedings held on 4/19/2017 at 25-26) (stating (1) "you have to show that she worked over 40 hours in a workweek . . .;" (2) "there's actual or constructive knowledge that she worked over 40 hours in a workweek. . .;" and (3) "they failed to pay her overtime pay, and then she has to prove what her actual damages are.").

      **XIV.** Defendant maintains that the second interrogatory is proper and should include the language "worked over 40 hours in at least one workweek *without pay*?" (emphasis added). Based on the documentary evidence in this case, Plaintiff often worked over 40 hours (and was paid overtime for that work) in a given workweek. *See generally* Pl. Trial Ex. 2. Without the additional "without pay" language contained in the interrogatory, the jury would be able to refer to any of these workweeks in which she worked over 40 hours to answer "Yes," to this interrogatory. The "without pay" language makes it clear to the jury that they should consider any hours worked over 40 for which Ms. Lopez-Easterling was not paid overtime.