# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

KAREN LOPEZ-EASTERLING,

        Plaintiff,

vs.

CHARTER COMMUNICATIONS, LLC

        Defendant.

Case No. 2:14-CV-01493-RDP

**DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ON THE JURY'S VERDICT AND AN AWARD OF LIQUIDATED DAMAGES**

**I.    Introduction**

Plaintiff Karen Lopez-Easterling ("Plaintiff") brought this lawsuit seeking to recover overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") for time she alleged she worked during her lunch break during her employment with Defendant Charter Communications, LLC ("Charter").  Following a jury trial, the jury returned a verdict for Plaintiff (Dkt. 82), and awarded Plaintiff two hours per week of overtime for work performed during the two-year statute of limitations period.  The jury did not find that Charter acted willfully, and thus did not apply the three-year statute of limitations to Plaintiff's claim.  As a result, Plaintiff was awarded $5,355.72 in damages.  Plaintiff now claims that she is entitled to liquidated damages in an equal amount.  *See generally* Dkt. 84, Plaintiff's Motion for Entry of Judgment on the Jury's

Verdict and an Award of Liquidated Damages ("Plaintiff's Motion").[1]  As the evidence at trial undisputedly demonstrates, Charter acted in good faith to comply with the FLSA, and accordingly, Plaintiff is not entitled to liquidated damages.

## II.     Argument

### A.     The Court Has Discretion To Deny Liquidated Damages.

Under the FLSA, when the jury finds the employer has violated the FLSA and assesses compensatory damages, "the district court generally must add an award of liquidated damages in an equal amount." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282–83 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)).  However, the district court has discretion to reduce or deny liquidated damages "'if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (quoting 29 U.S.C. § 260) (emphasis added); *see also Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) (internal citations omitted) .

The employer bears the burden of proof on its good faith defense, and must "show that it acted with both objective and subjective good faith." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) (internal citations omitted).  "The employer must prove that it had: (1) a subjectively honest intention to ascertain what the FLSA requires and to act in accordance with it; and (2) objectively reasonable grounds for believing that its conduct comported

---

[1] While Charter contests Plaintiff's request for liquidated damages, it does not object to Plaintiff's request for the Court to enter judgment on the jury's verdict.  Plaintiff's Motion also states that "an award for attorneys' fees and costs is mandatory under Section 216(b) of the FLSA.  Counsel for [Plaintiff] has informed Charter of the fees and costs claimed, but Charter has not responded."  Dkt. 84 at 3.  Charter is reviewing Plaintiff's fees and costs proposal.  To the extent the parties cannot reach agreement on Plaintiff's fees and costs, Charter reserves its right to address and/or dispute the fees and costs petition if one is filed.

with the FLSA." *Sanchez v. Bland Farms, LLC*, 2011 WL 2457519, at *12 (S.D. Ga. 2011) (*citing Dybach v. State of Fla. Dep't of Corrs.,* 942 F.2d 1562, 1566–67 (11th Cir. 1991)) *rev'd on other grounds Ojeda-Sanchez v. Bland Farms, LLC*., 499 Fed. Appx. 897, 903 (11th Cir. 2012). Charter has met its burden.

    **B.  Plaintiff Is Not Entitled To Liquidated Damages.**

In her Motion, Plaintiff argues that because Charter defended the case at trial by arguing that Plaintiff did not work the hours she testified she worked, and that Charter did not have actual or constructive knowledge of the hours worked (focusing the evidence on credibility) (Dkt. 84 at 3), Charter is precluded from now claiming that it acted in good faith in failing to pay Plaintiff the overtime hours for which the jury believed she worked and was not compensated. This is wrong. A good faith determination does not turn on whether Charter defended itself against Plaintiff's claims by focusing on credibility issues, but rather, as Plaintiff correctly notes in its motion, that Charter had "reasonable grounds for believing that [it] was not violating the Act." Dkt. 84 at 2 *citing Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1323 (11th Cir. 2007). A myriad of facts deduced at trial support Charter's objective and subjective good faith belief that it complied with the FLSA, and thus, the Court may (and should) exercise its discretion to deny liquidated damages on the facts present here.

First, Charter maintained several policies admonishing employees to not work off-the-clock while also providing numerous avenues to report such work. Charter also extensively trained all employees (managers included) on its policies, wage and hour compliance, and eTime matters, training which Plaintiff took and completed successfully. Plaintiff admitted that she knew Charter's policy was to pay for all overtime worked and that Charter's policies prohibited employees from working during meal breaks.

Moreover, Charter provided Plaintiff ample opportunity to review and correct her time records – not only was Plaintiff required to review and approve her time every pay period (while also accounting for any adjustments that were needed), her supervisor Nicole Johnson ("Johnson") sent an email every pay period reminding employees to approve their time cards and to inform her of any errors (facts Plaintiff admitted at trial). Johnson separately testified to the same facts, and testified further that she approved Plaintiff's overtime without any issue, expected Plaintiff to not work off-the-clock, did not have any concerns that Plaintiff did not know how to record her time in eTime because she clocked in and out daily, and Johnson "took extra steps" to ensure she addressed any time recording issues that needed to be addressed through her email reminders.

Additionally, though Plaintiff testified that she told Johnson she worked during her meal breaks a few times and the issue was not addressed, she admitted that she did not tell any other management or HR personnel about her off-the-clock work, did not tell Johnson that she was not recording that time in her time records, and did not ask Johnson (or anyone) if she could clock back in early from lunch. Yet, when Johnson knew that eTime was not working or that Plaintiff had forgotten to clock back in from her lunch break, Plaintiff testified that Johnson would help her record and account for her time. And finally, it is undisputed that when Plaintiff did record overtime – approved or not – she was paid for it: Charter paid Plaintiff for over 300 hours of overtime work amounting to over $10,000 in overtime pay during a three-year period.

It is objectively reasonable for an employer to require an employee to record, verify, and approve his/her own time, and in light of on Charter's policies and efforts to work with Plaintiff to accurately capture her time, and pay her for any overtime actually recorded, Charter honestly believed it was complying with its obligations under the FLSA. *See, e.g.,* US DOL, Fact Sheet Regarding Recordkeeping Requirements Under the FLSA,

4

http://www.dol.gov/whd/regs/compliance/whdfs21.pdf (last accessed June 5, 2017) ("Employers may use any timekeeping method they choose [including] tell[ing] their wowrkers to write their own times on the records."). Based on the weight of evidence, it is clear Charter acted in good faith to comply with the FLSA. *See, e.g., Ojeda-Sanchez v. Bland Farms, LLC*., 499 Fed. Appx. 897, 903 (11th Cir. 2012) (affirming denial of liquidated damages and district court's conclusion that employer "'knew its operations were governed by the FLSA and subjectively believed it was abiding by the law's requirements. The safeguards it set up provided an objectively reasonable basis for this belief. . . . Defendant acted in good faith'" where employer recorded farmworkers' hours on daily basis, input them into Defendant's payroll records, accountant reviewed "tally sheets and use of computer software to record [the hours]," consulted with employees "to check whether the recorded hours were proper," and corrected errors identified); *Andre v. Gonzalez*, No. 10-20536-CV, 2011 WL 1930423, at *2 (S.D. Fla. May 19, 2011) (good faith proven from "the evidence at trial [which] established that the defendants subjectively believed they paid [plaintiff] all the money she was owed, and the Court is satisfied that the defendants' good faith was objectively reasonable" where plaintiff was paid in accordance with FLSA regulations for patient visits when she recorded and documented the visits with proper progress notes in accordance with employer-mandated procedure and employer reached out to plaintiff several times offering to assist her).

Indeed, the facts here are markedly similar to those in *Saldivar v. Austin Indep. Sch. District*, wherein the court refused to award liquidated damages after the jury awarded plaintiff damages for uncompensated overtime and concluded that the defendant had not acted willfully. 2015 WL 12516634, *2 (W.D. Tex. Dec. 18, 2015) *aff'd Saldivar v. Austin Indep. Sch. Dist.,* -- Fed. Appx. --*,* 2016 WL 7480253, *3 (5th Cir. Dec. 29, 2016) ("Our review of the record shows

that there is ample evidence to support the district court's dual findings of good faith and reasonable grounds. Contrary to Saldivar's assertions, the district court's findings were not impermissibly grounded in ignorance . . . but rather were properly grounded in the [employer's] reasonable efforts to comply with the dictates of the FLSA.") (internal citations omitted).  In that case, the court explained that the employer used a "web-based time-keeping system called 'Workforce' to track employees' hours," and plaintiff was responsible for recording her own time, correcting her time, and submitting it for approval to her supervisor.  *Saldivar*, 2015 WL 12516634 at *2.  Plaintiff had notified her supervisor at least once that she worked through lunch but never informed any "administrators . . . that she was intentionally reporting fewer hours in Workforce than she was actually working," and additionally did not complain to anyone that she was not being paid for the overtime.  *Id.*  The court reasoned that in light of this evidence, it was "reasonable" for the employer "to conclude [plaintiff] was reporting all the hours she worked in Workforce." *Id.*  As such, the court concluded that the employer "acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA" and did not award liquidated damages.  *Id.*

The evidence relayed above necessitates the same result here.  As in *Saldivar*, Charter had a time-keeping system used to track employees' hours, and Plaintiff was responsible for recording her own time, correcting her time, and submitting it for approval to her supervisor.  Also as in *Salvidar*, while Plaintiff claimed (on three to four occasions over a three-year period) to have told Johnson that she was interrupted during her lunch breaks, she never informed anyone in Human Resources that she was intentionally underreporting hours in eTime, and never complained to anyone that she was not being paid for overtime.  In fact, there is additional evidence of good faith here:  Johnson took extra steps to ensure employees accurately recorded and reviewed their time by sending reminders, and corrected any issues with time recording when eTime was not working

6

or when she became aware Plaintiff did not clock in from lunch. Finally, Plaintiff was paid for any time she did record, including over 300 overtime hours amounting to over $10,000 in overtime pay over three years. These actions clearly demonstrate a good faith effort on Charter's part to ensure it (and its employees) complied with the FLSA.

### III.     Conclusion

In light of the foregoing, Charter respectfully requests the Court deny Plaintiff's Motion for liquidated damages.

Dated: June 6, 2017

                        Respectfully submitted,

                        CHARTER COMMUNICATIONS, LLC
                        By:   s/ Stephanie H. Mays
                           *One of Its Attorneys*

                        Stephanie H. Mays
                        Maynard, Cooper & Gale PC
                        1901 Sixth Avenue North
                        2400 Regions/Harbert Plaza
                        Birmingham, Alabama 35203
                        T: 205-254-1844
                        F: 205-254-999

                        Sari M. Alamuddin (pro hac vice)
                        Meredith E. Riccio (pro hac vice)
                        MORGAN, LEWIS & BOCKIUS LLP
                        77 West Wacker Drive, 5th Floor
                        Chicago, Illinois  60601
                        T: 312-324-1000
                        F: 312-324-1001
                        salamuddin@morganlewis.com

                        *Attorneys for Defendant Charter*
                        *Communications, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of June, 2017, a true and correct copy of the foregoing was submitted via the Court's ECF system and hereby served upon all counsel of record.

*s/ Meredith E. Riccio*
*Attorney for Defendant*