# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KAREN LOPEZ-EASTERLING,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC<br><br>Defendant. | Case No. 2:14-CV-01493-RDP |

### DEFENDANT'S REPLY TO PLAINTIFF'S LIQUIDATED DAMAGES BRIEF

**I.     Introduction**

As described in Charter's Memorandum of Law in Response to Plaintiff's Motion for Entry of Judgment on the Jury's Verdict and an Award of Liquidated Damages (Dkt. 87),[1] there is ample evidence demonstrating that Charter acted in good faith and had reasonable grounds to believe that it had complied with the FLSA. Rather than address the evidence at trial, Plaintiff argues that she is entitled to liquidated damages because Charter failed to comply with an administrative interpretation of the FLSA, and defended itself on the merits at trial. *See generally* Dkt. 86, Pl. Brief. Plaintiff's arguments are unfounded and miss the point: the issue before the Court now is not whether Charter violated the law, but rather whether Charter made good faith efforts to comply

---

[1] Citations to Dkt. 84, Plaintiff's Motion for Entry of Judgment on the Jury's Verdict and an Award of Liquidated Damages appear herein as "Dkt. 84, Pl. Motion." Citations to Dkt. 86, Plaintiff's Liquidated Damages Brief appear herein as "Dkt. 86, Pl. Brief." Citations to Dkt. 87, Defendant's Memorandum of Law in Response to Plaintiff's Motion for Entry of Judgment on the Jury's Verdict and an Award of Liquidated Damages appear herein as "Dkt. 87, Df. Brief."

1

with the law.  Because the evidence establishes that it did, the Court should deny Plaintiff's request for liquidated damages.

**II.     Argument**

      **A.     Under The Correct Test, Charter Need Not Have Complied With Or Relied On Regulations To Show Good Faith.**

Citing *Cole v. Farm Fresh Poulty, Inc.*, 824 F.2d 923, 926 (11th Cir. 1987), Plaintiff argues that in order to prevail on a good faith defense to liquidated damages, Charter must prove that it "acted 'in actual conformity with and in reliance on' [a] written agency interpretation." Dkt. 86, Pl. Brief at 2-3.  Plaintiff has mixed apples with oranges.  *Cole* dealt with defendant's good faith defense to *liability* under 29 U.S.C. § 259, which explicitly requires a showing of "good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval or interpretation. . ."  29 U.S.C. § 259; *see also Cole*, 824 F.2d at 926-930. Cole did not address the liquidated damages provision contained in 29 U.S.C. § 260.  In contrast to 29 U.S.C. § 259, the "good faith" requirement in 29 U.S.C. § 260, is *not* tethered to requirement of "conformity with . . . a written administrative regulation." *See* 29 U.S.C. § 260 ("Liquidated damages . . . In any action . . . to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the [FLSA], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.").

Thus, as the court found in *Allen v. Palm Beach Recovery, Inc.*, 2011 WL 13116847, *6 (S.D. Fla. Aug. 18, 2011), Plaintiff "is confusing the two good faith defenses." *Id.*  As the Allen court explained, as "an absolute defense to FLSA liability," "good faith" under 29 U.S.C § 259 is

an objective test requiring a defendant to prove it acted in conformity with an administrative regulation. By contrast, the good faith defense under 29 U.S.C. § 260 "does not require such evidence; it only requires defendants to prove that they acted in good faith and that they had reasonable grounds to believe they did not violate the FLSA." *Id.* (denying motion for liquidated damages and rejecting plaintiff's argument "that defendants' good faith defense should be dismissed because they did not allege or submit evidence that they acted in conformity with an administrative regulation, order, ruling, approval or interpretation.").

In other words, as Eleventh Circuit precedent makes clear, the good faith inquiry under 29 U.S.C. § 260 is *not* merely objective and is *not* limited to whether an employer conformed with and relied on a particular regulation or administrative interpretation. Rather, and as Plaintiff acknowledges in her Motion, the actual test of good faith under 29 U.S.C. § 260 is both a subjective and objective one. *See* Dkt. 84, Pl. Motion at 2 *citing Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008); *see also* Dkt. 87, Df. Brief at 2-3. Therefore, Charter's success here does not rise and fall with whether it relied on "an administrative interpretation of the FLSA" (Dkt. 86, Pl. Brief at 4) when it did not pay Plaintiff for time worked on her lunch breaks, but rather whether Charter was objectively reasonable and subjectively honest in its belief that it had complied with the FLSA. *See* Dkt. 87, Df. Brief at 2-3.

As relayed in its Brief, in addition to its subjective belief, Charter has proven that it had an objectively reasonable belief that it had complied with the FLSA: it maintained policies and training to ensure employees did not work off-the-clock and properly recorded their time; it put safeguards in place to ensure employees properly recorded their time by requiring employees to review their time entries for errors and approve their time entries (which is consistent with the Department of Labor's guidance for time recording (Dkt. 87, Df. Brief at 4-5)); and it paid Plaintiff

for all overtime work she recorded. Relying on its timekeeping policies and procedures and its safeguards to ensure that employees properly recorded, verified, and approved their time entries is sufficient to demonstrate an objectively reasonable belief that Charter complied with the FLSA, even without relying on administrative interpretation or guidance. *See* Df.'s Brief at 5 *citing Sanchez v. Bland Farms, LLC*, 2011 WL 2457519, at *13 (S.D. Ga. June 16, 2011) (concluding "[t]he safeguards [defendant] set up provided [d]efendant an objectively reasonable basis for [the] belief" that defendant "was abiding by the law's requirements" where safeguards included making records of plaintiffs' hours worked, reviewing those records, and verifying with employees that the records were accurate with no mention of relying on administrative guidance or interpretation) *aff'd in part, rev'd on other grounds Ojeda-Sanchez v. Bland Farms, LLC*., 499 Fed. Appx. 897 (11th Cir. 2012); *Andre v. Gonzalez*, 2011 WL 1930423, at *2 (S.D. Fla. May 19, 2011) (finding "defendants' good faith was objectively reasonable" where employer paid plaintiff in accordance with FLSA regulations when she properly recorded her patient visits despite no mention of relying on administrative guidance or interpretation); *Saldivar v. Austin Independent School District*, 2015 WL 12516634, at *2-3 (W.D. Tex. Dec. 18, 2015) (finding employer "acted in good faith and had reasonable grounds to believe its actions complied with the FLSA" with no mention of relying on administrative guidance or interpretation) *aff'd Saldivar v. Austin Indep. Sch. Dist.,* -- Fed. Appx. --*,* 2016 WL 7480253, *3 (5th Cir. Dec. 29, 2016).

### B. Charter's Asserted Defenses On The Merits Do Not Preclude A Good Faith Finding.

Plaintiff also reasserts her argument that Charter "cannot in good faith oppose Plaintiff's request for the statutory award of liquidated damages" because Charter defended its case a trial by arguing that Plaintiff did not work the time she alleged, Charter did not have actual or constructive knowledge of the work performed, and Charter argued the work was *de minimis.* Dkt. 86, Pl. Brief

4

at 3-5; *see also* Dkt. 84, Pl. Motion at 2-3.  Thus, Plaintiff argues, Charter is precluded from arguing that it relied on the Department of Labor's regulations, 29 C.F.R. § 785.19 ("Bona fide meal periods") and 29 C.F.R. § 785.47 ("Where records show insubstantial or insignificant periods of time") in failing to pay Plaintiff for the time worked.  Again, Plaintiff's argument is off-base.  Charter does not dispute that the jury found in Plaintiff's favor on these contested issues.  Rather, Charter disputes that this finding necessitates an award for liquidated damages.

Taking Plaintiff's unsupported argument to its logical conclusion, any employer who asserted any defense on the merits or a *de minimis* defense to a plaintiff's FLSA claim would then be precluded from asserting a good faith defense on liquidated damages.  But that is not the law.  Indeed, courts in this Circuit and others have denied liquidated damages awards despite rejecting defendant's defenses asserted at trial.  *See* Dkt. 87, Df. Brief at 5 *citing Sanchez*, 2011 WL 2457519, at *10, 12 (denying liquidated damages although defendant argued that the employee's lunch period was not compensable and despite finding the employer had asserted, and failed in asserting, a *de minimis* defense) *aff'd in part, rev'd on other grounds Ojeda-Sanchez*, 499 Fed. Appx. at 903; *Andre*, 2011 WL 1930423, at *2 (denying award of liquidated damages and denying defendant's Rule 50 and 59 motion over defendant's arguments regarding credibility); *Saldivar*, 2015 WL 12516634, at *2-3 (denying liquidated damages even where jury found Plaintiff was entitled to damages for 80 hours of overtime and denying Rule 50 and Rule 59 motions despite defendant's arguments that plaintiff "failed to meet her burden of proof" as to the amount and extent of overtime and "the verdict was against the great weight of evidence.") *aff'd Saldivar,* 2016 WL 7480253, *3.

### III. Conclusion

In light of the foregoing and the arguments relayed in Charter's Brief (Dkt. 87), Charter respectfully requests the Court deny Plaintiff's Motion for liquidated damages.

Dated: June 9, 2017

Respectfully submitted,

CHARTER COMMUNICATIONS, LLC
By:   s/ Stephanie H. Mays
*One of Its Attorneys*

Stephanie H. Mays
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
T: 205-254-1844
F: 205-254-999

Sari M. Alamuddin (pro hac vice)
Meredith E. Riccio (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, Illinois  60601
T: 312-324-1000
F: 312-324-1001
salamuddin@morganlewis.com

*Attorneys for Defendant Charter Communications, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of June, 2017, a true and correct copy of the foregoing was submitted via the Court's ECF system and hereby served upon all counsel of record.

                                                *s/ Meredith E. Riccio*
                                                *Attorney for Defendant*