FILED

2017 Jun-13  PM 12:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **KAREN LOPEZ-EASTERLING,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:14-cv-01493-RDP** |
| | } | |
| **CHARTER COMMUNICATIONS LLC,** | } | |
| | } | |
| **Defendant.** | } | |
| | } | |

### MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion for Entry of Judgment on the Jury's Verdict and an Award of Liquidated Damages.  (Doc. # 84).  In her motion, Plaintiff moves for entry of judgment pursuant to the jury's verdict.[1]  (*Id.* at p. 1).  Plaintiff further moves the court to award liquidated damages.  (*Id.*).  Plaintiff's motion is due to be granted in part and denied in part.

The jury found that Plaintiff proved by a preponderance of the evidence that (1) she worked in excess of forty hours in a week in at least one workweek and was not paid for that overtime, (2) Defendant actually or constructively knew that Plaintiff worked over 40 hours in at least one workweek without pay, and (3) Defendant failed to pay Plaintiff overtime pay as required by law.  (Doc. # 82 at pp. 1-2).  And, the jury found that Defendant did not establish by a preponderance of the evidence that the unpaid work over forty hours per week was *de minimis*.  (*Id.* at p. 2).  Given the jury's specific findings regarding the number of overtime hours worked,

---

[1]  Specifically, Plaintiff seeks $5,355.72 -- the total value of the unpaid overtime hours jury found Plaintiff to have been worked during the two-year period prior to the filing of her Complaint -- as well as an award of attorneys' fees and costs.

and the parties' stipulations about the applicable overtime rates, judgment is due to be entered in the amount $5,355.72 for Plaintiff.

"When the jury finds an employer has violated the overtime provision of the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in the same amount, which doubles the total damages awarded." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008). However, there is a good faith defense to such a liquidated damage award.[2] The court retains the discretion to reduce or deny an award of liquidated damages if the defendant acted in good faith and had reasonable grounds for believing its act or omission was not in violation of the FLSA. *Id.* (citing 29 U.S.C. § 260). The employer bears the burden of proving both the objective and subjective components of the good faith defense. *Id.*

Here, the jury found that Plaintiff failed to prove by a preponderance of the evidence that Defendant knew or showed reckless disregard for whether the FLSA prohibited its conduct. (Doc. # 82 at p. 2). To be sure, this finding does not preclude the court from determining that Defendant failed to meet its burden of establishing its good faith defense. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008) (reasoning that a "finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present" when the evidence is in exact equipoise, and neither party has met its burden of proof). However, the jury's finding is nonetheless instructive here.

The evidence presented at trial demonstrates that Defendant has met its burden of proof in establishing a good faith defense. Defendant presented substantial and unrebutted evidence of its policies related to overtime work. Defendant trained its employees on its policies, wage and

---

[2] In her Liquidated Damages Brief, Plaintiff argues that 29 U.S.C. § 259 prohibits Defendant from succeeding on a good faith defense. (Doc. # 86). Plaintiff's section 259 argument addresses the good faith defense to *liability* – here, the court looks to 29 U.S.C. § 260, and the good faith defense to *liquidated damages*.

hour compliance, and use of the eTime time-recording system.  Defendant presented evidence of its policies prohibiting employees from working off-the-clock, and Plaintiff admitted that she herself knew that Defendant's policies prohibited employees from working during meal breaks.

Defendant provided Plaintiff the opportunity to review and correct her time records each pay period, and Plaintiff admitted at trial that her supervisor, Nicole Johnson, sent an email each pay period reminding employees to approve their time cards and inform her of any errors contained therein.  While Plaintiff testified that she told Johnson that she worked during her meal breaks, Plaintiff admitted that she did not tell any other management about her off-the-clock work and did not tell Johnson that she was not recording the overtime she was working on her lunch breaks.  Moreover, Defendant paid Plaintiff all of the overtime work which Plaintiff recorded during the period leading up to the commencement of this action.

The evidence at trial sufficiently established that Defendant subjectively believed that it paid Plaintiff what she was owed, and Defendant's good faith was objectively reasonable. Plaintiff recorded certain overtime hours which she worked on a number of occasions during the relevant time period, and Defendant paid her for all of the time which she reported.  Defendant could have reasonably believed that Plaintiff was recording all of the overtime hours which she worked.  Moreover, a defendant may rely on its timekeeping policies in support of its good faith defense.  *Ojeda-Sanchez v. Bland Farms, LLC*, 499 F. App'x 897, 903 (11th Cir. 2012) ("[t]he safeguards it set up provided Defendant an objectively reasonable basis" for its belief that it was abiding by the FLSA's requirements).  Here, Defendant's reliance on its employees to follow its policies and report time worked was reasonable under the circumstances.

Plaintiff argues that the jury's finding that Plaintiff worked unpaid overtime prevents the court from making a good faith finding.  (*See* Doc. # 89 at p. 3).  The court disagrees.  In fact, the

3

jury specifically found that, while Defendant actually or constructively knew that Plaintiff worked over forty hours in at least one workweek without pay, Plaintiff did not establish that Defendant knew or showed reckless disregard for whether the FLSA prohibited its conduct.  This case is not one of the few and rare cases where the evidence on the good faith issue sits in equipoise.  Rather, Defendant affirmatively put forth convincing evidence at trial that proved its good faith defense.

Because Defendant proved that it acted in good faith, the court has discretion to reduce or deny an award of liquidated damages in this case.  The court exercises that discretion here, and denies liquidated damages in this action.  A separate final judgment will be entered contemporaneously with this opinion.

**DONE** and **ORDERED** this June 13, 2017.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE