FILED

2017 Jul-14  PM 08:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| KAREN LOPEZ-EASTERLING,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, LLC<br><br>Defendant. | Case No. 2:14-CV-01493-RDP |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S PETITION FOR ATTORNEYS' FEES AND BILL OF COSTS

By and through its attorneys, Defendant Charter Communications, LLC hereby responds

to Plaintiff's Petition for Attorneys' Fees ("Petition") (Dkt. 92) and Bill of Costs (Dkt. 93).

I.       **Introduction**

Plaintiff Karen Lopez-Easterling ("Plaintiff") brought this lawsuit seeking to recover

overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") for time

she alleged she worked during her lunch break during her employment with Defendant Charter

Communications, LLC ("Charter" or "Defendant").  In closing argument, Plaintiff requested that

the jury award her five hours of unpaid overtime a week over a three-year period, for a total

amount of $20,562.65.  *See* Dkts. 74, 75 (containing stipulated overtime rates and workweeks

claimed).  While the jury returned a verdict for Plaintiff (Dkt. 82), it awarded Plaintiff only two

hours per week of overtime.  It also found that Charter did not act willfully, and thus limited its

damages award to two years.  As a result, Plaintiff was awarded $5,355.72 in damages, rather

1

than the requested $20,562.65 that Plaintiff claimed would have entitled her to full relief.  *Id.*;

Dkt. 91.  Plaintiff subsequently moved for liquidated damages in an equal amount, which the

Court denied in full.  Dkt. 90.

    Following her unsuccessful claim for liquidated damages, Plaintiff's counsel

("Petitioners") now files her Petition for attorneys' fees seeking $215,685.00 in fees and a Bill of

Costs totaling $1,750.53.  Dkt. 92; Dkt. 93.[1]  Although the jury returned a verdict in favor of

Plaintiff, Plaintiff is only entitled to *reasonable* attorneys' fees.  29 U.S.C. § 216(b) ("The court

in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a

*reasonable* attorney's fee to be paid by the defendant, and costs of the action") (emphasis

added).  Here, Plaintiff was not successful in all aspects of her case – obtaining only 26% of her

requested relief (or 13% inclusive of liquidated damages), losing her argument regarding

Charter's willfulness to extend the statute of limitations and failing in her pursuit of liquidated

damages.   As such, the Court should exercise its discretion and reduce the fee award by 40%, to

no more than $129,411.  However, even if the Court is not inclined to reduce the award due to

Plaintiff's lack of success, Petitioners' request is still excessive.   Petitioners' records are replete

with duplicate, redundant, vague, and improper time entries for which they seek compensation in

addition to excessive fees sought for preparing the Petition itself.    The Court can (and should)

exercise its discretion to reduce the award in light of these deficiencies.

    Moreover, Petitioners' Bill of Costs requests costs for which they have provided no

support or justification, specifically mileage for Gina Hinkle-McCaster's ("McCaster")

attendance at trial and copying costs.  Because Petitioners have not provided any support for

these charged costs, Petitioners' Bill of Costs should be reduced by $304.47 to $1,446,06.

---

[1]References to Plaintiff's Petition (Dkt. 92) are cited herein as "Pet. at _."  References to the
exhibits attached to Plaintiff's Petition are cited herein as "Pet. Ex. __."

II.     **Argument**

    A.     **Standard Of Review.**

Any award here must be based on a "lodestar," (i.e., hours reasonably expended times a reasonable hourly rate).  *See Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983); *see also* Pet. at 2. However, the lodestar is limited to recovery for "reasonable hours."  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988).   In determining the lodestar, the Supreme Court requires the Petitioner to exercise "billing judgment" in the hours requested. *Hensley*, 461 U.S. at 434.  Indeed, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* (internal citations and quotations omitted).  "In determining whether the number of hours expended on the litigation was reasonable, the district court should exclude from its initial fee calculation" both "time spent on discrete and unsuccessful claims" and "hours that are excessive, redundant, or otherwise unnecessary."  *Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1284–85 (S.D. Fla. 2008) *citing Hensley,* 461 U.S. at 434 *and Norman,* 836 F.2d at 1302.

    "The burden of establishing the number of hours reasonably expended lies with the plaintiff, and '[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly.'" *Powell*, 547 F. Supp. 2d at 1284–85 *citing Hensley,* 461 U.S. at 433; *see also Norman,* 836 F.2d at 1303.  Thus, although a prevailing party is entitled to attorneys' fees under 29 U.S.C. § 216(b), "[e]ven when a party prevails, the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation."  *Perez v. Carey Int'l, Inc.*, 373 F. App'x 907, 911 (11th Cir. 2010) *citing Hensley,* 461 U.S. at 434.  Where a fee applicant fails to exercise such judgment, "courts are obligated to do it for them. . . Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it

3

is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Ga. v. Barnes*, 168

F.3d 423, 428 (11th Cir. 1999).

      **B.**      **The Court Should Reduce Petitioners' Fee Award.**

            **1.**      **The Court Should Reduce The Award Because Plaintiff Only Partially Prevailed On Her Claims.**

In determining "reasonable" hours, the Court must deduct time spent on discrete and

unsuccessful claims. *Norman*, 836 F.2d at 1302 (citing *Hensley*, 461 U.S. at 435). The Eleventh

Circuit has acknowledged that a district court abuses its discretion when it does not give

sufficient weight to plaintiffs' limited success in determining fee awards. *See Andrews v. United

States*, 122 F.3d 1367, 1375 (11th Cir. 1997). Success is not purely defined by succeeding on

each count claimed, but is considered in light of the original damages sought. *See Kornexl v.

Bailey*, No. 04-CV-944, 2006 WL 1766513, at *2 (M.D. Fla. June 26, 2006) ("There is merit,

however, to the contention that the Court should reduce the award in recognition of the

difference between the amount recovered and that claimed originally.") As such, district courts

in this circuit have acknowledged that in FLSA actions where plaintiffs recovered a significantly

lower amount than they originally claimed, "a reasonable fee for services should also be reduced

to a significant degree." *Id.* at *2; *see also Powell*, 547 F. Supp. 2d at 1296. At least one district

court in this Circuit has gone even further and concluded that in an FLSA action "a reasonable

attorneys' fee is one that approximately equals the amount ultimately recovered for the clients."

*Reyes v. Falling Star Enters., Inc.*, No. 04-CV-1648, 2006 WL 2927553, at *10 (M.D. Fla. Oct.

12, 2006) (reducing lodestar attorneys' fees by 50% "in light of the limited success obtained in

comparison to the damages originally sought" where "Reyes recovered roughly 30% of his

original claim for actual damages, exclusive of liquidated damages. McCauley recovered roughly

4% of his original claim for actual damages, exclusive of liquidated damages. Hamel recovered

roughly 17% of his original claim for overtime compensation, exclusive of liquidated damages.").

Here, Plaintiff claimed damages for unpaid overtime; as a part of that claim, she alleged Charter both acted willfully (thus seeking damages for three years rather than two), and that Charter did not act in good faith, arguing she was also entitled to liquidated damages in an equal amount.  On a one-count claim, Plaintiff failed on two of three aspects of her claim.  In fact, she recovered only $5,355.72 in actual damages, a fraction of the approximately $20,562.65 in five hours of overtime per week over three years that she requested from the jury (and an equivalent amount in liquidated damages to total $41,125.30).  Because of her limited success relative to her original damages sought, the fees award here should be reduced proportionally.  *See Kornexl,* 2006 WL 1766513, at \*2 (reducing fee award "to a significant degree" where "Plaintiff's recovery [after trial] was slightly more than half the amount originally claimed.").  Defendant respectfully submits that, at a minimum, a 40% reduction (in the amount of $86,274) is appropriate here.

### 2.    Petitioners Cannot Recover For Redundant Or Duplicative Time Entries.

Even if the Court were not inclined to reduce Petitioners' fees because Plaintiff did not prevail on all her claims, the Petition remains excessive.  It seeks compensation for redundant time entries that are properly excluded from the lodestar calculation.  Although Petitioners claim they took steps to avoid redundant time entries (Pet. at 14), Petitioners' time records reveal that they did not exercise the requisite "billing judgment." *Norman,* 836 F. 2d at 1301.  Specifically, Petitioners seek time expended by three attorneys for two and a half days of trial totaling over $30,000.  However, in order to recover for that time, Petitioners must show that the time worked by all three attorneys "reflects the distinct contribution of each lawyer to the case and the

customary practice of multiple-lawyer litigation." *Am. Civil Liberties Union*, 168 F.3d at 432;

*Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983)

(same).   Indeed, the "fee applicant has the burden of showing that, and where there is an

objection raising the point, it is not a make-believe burden." *Am. Civil Liberties Union*, 168 F.3d

at 432.   Where Petitioners cannot meet their burden, the "excessive, redundant, or otherwise

unnecessary hours" "must be excluded from the [amount] claimed. *Id.* (internal citations omitted)

(concluding "the district court abused its discretion by not excluding as excessive any of the

hours billed by the four attorneys for preparing and attending the status conference.").

Petitioners have not met this burden here.  As the below chart shows, three attorneys

recorded time for attending trial, but none adequately demonstrate the distinct contributions each

attorney made.  For example, while attorneys Hancock and Arendall each examined a witness,

attorney Arnold did not actively participate in trial until closing argument on the last day;

similarly, attorney Hancock did not actively participate on the last day of trial.  Indeed, "absent

some explanation why a squad of attorneys was necessary," *Am. Civil Liberties Union*, 168 F.3d

at 434, Petitioners grasp at straws, claiming that all three attorneys were necessary because the

third attorney was "required" to read Mr. Williams's deposition testimony into the record. (Pet.

at 14-15).  But this rings hollow – neither attorney was necessary to read the deposition transcript

into the record, and instead, that task could easily have been accomplished by first and second

chair on either side.[2]  At most, Petitioners should only be entitled for the time Mr. Arnold spent

reading the deposition transcript – not three days of trial attendance.

---

[2] Of particular note is that while Charter had three attorneys in attendance, Meredith Riccio neither sat at counsel's table nor billed for her time attending trial – including the time reading the deposition transcript into the record.  *See* Ex. A, Meredith E. Riccio Decl. at ¶ 3.

| Attorney | 5/16/2017 Hours & Entries | 5/17/2017 Hours & Entries | 5/18/2017 Hours & Entries | Total Hours & Fee Per Hour | Total Fee |
|---|---|---|---|---|---|
| D. Arendall (Pet. Ex. 17) | 12.0 (Trial: trial, voir dire, opening, Plaintiff direct, Polanco, phone [] with GH, travel, prep for) | 13.0 (Trial: trial, Plaintiff cross redirect, NJ, GH, DW, Rule 50 motion, charge conf., prep for closing, travel) | 8.0 (Trial: trial, closing pract[i]ce, closing, charges, travel, time and expense prep, emails with WH) | 33 ($450/hour) | **$14,850** |
| A. Arnold (Pet. Ex. 23) | 8.70 (Trial: 8:30 a.m. through 5:13 p.m.) | 8.10 (Trial: 2nd day of trial) | 4.20 (Trial: 7:55 a.m.-12:08 p.m. - Closing Prep; Trial; Verdict; Post Judgment discussions with counsel) | 21 ($325/hour) | **$6,825** |
| W. Hancock (Pet. Ex. 24) | 11.6 (Prepare for and attend day 1 of trial; prepare for day 2) | 7.2 (Prepare for and attend day 2 of trial; correspond with Karen) | 5.2 (Attend day 3 of trial; correspond with Karen; conference with David and Allen) | 24.0 ($450/hour) | **$29,160** |
| **Total** | | | | | **$32,835** |

Courts in this Circuit consistently exclude hours and fees charged in circumstances such as these. *See Perez,* 373 F. App'x at 910-11  (affirming district court's exclusion of all 39.6 hours and $17,820 in fees for work done by attorney where "the record supports the district

court's finding that the time expended by Boreth was redundant, excessive, or otherwise unnecessary" and "'duplicate[d] the work performed by Attorneys Kleppin and Glasser,' which led it to conclude that none of Boreth's time was reasonably expended on the litigation."); *Am. Civil Liberties Union*, 168 F.3d at 433 (concluding counsel did not meet burden to show hours billed by attorneys "reflected a distinct contribution on the part of those attorneys to the task of drafting briefs . . . Missing from the billing records of all of the plaintiffs' attorneys is any indication of the distinct contribution each attorney made to the task of drafting the briefs.  Nor do any of the attorneys' affidavits clarify the billing records by describing what each attorney contributed."); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974) ("The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted."); *Merritt v. Nichols Concrete Equip.*, No. 08-cv-01689, Dkt. 41 at 2-3 (N.D. Ala. January 5, 2011) (reducing award for "several facially duplicative entries on August 12, 2010, where [three attorneys] each request compensation for what appear to be identical entries for waiting on the jury for its verdict"); *Henderson v. Mid-South Elecs., Inc.*, No. 13-CV-01166, 2016 WL 5390601, at *5 (N.D. Ala. Sept. 27, 2016) (striking fees where "time billed by Mr. Arciniegas for notetaking at trial (11 hours = $2750.00) is redundant."); *Brandt v. Magnificent Quality Florals Corp.*, No. 07-20129-CIV, 2011 WL 4625379, at *9–10 (S.D. Fla. Sept. 30, 2011) (reducing lodestar calculation for second attorney's hours for attending trial where court found "There is no indication that Mr. Kelly's presence at the four and one-half day trial was necessary in order for the Plaintiffs to prosecute this action. Rather, Mr. Zidell was lead counsel in this matter and the additional presence of an another attorney at trial was only for the convenience of the lead attorney and thus is not compensable.")

8

Because Petitioners cannot prove that the time spent by each attorney at trial amounted to a distinct contribution on each day, the Court should reduce the Petition accordingly, and reduce the fee award for only two attorneys' attendance.  Charter proposes that the award should, at the very least, exclude attorney Arnold's time for the first and second day of trial (16.8 hours totaling $5,460) and attorney Hancock's time for the third day of trial (5.2 hours totaling $2,340).

### 3.    The Court Should Reduce The Award For Vague Time Entries.

As discussed above, Petitioners bear the burden of establishing entitlement to their award and documenting the appropriate hours.  *See Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437).  In so doing, they must provide records of time expenditures "set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Id.* (*citing Hensley*, 461 U.S. at 437 n.12).  Such records should provide the court with even more detail than what attorneys are expected to present their clients.  *See Hensley*, 461 U.S. at 440-41 (Burger, J., concurring).  The records Petitioners offer, however, do not allow the Court to determine with a high degree of certainty, as it must, that the hours claimed are reasonable. Indeed, many of Petitioners' records contain only vague task descriptions that prevent Charter or the Court from determining the nature of the work.  Indeed, Petitioners have 31 entries listing totaling 3.9 hours as "Doc. [x]," 18 entries totaling 3.9 hours for emails or letters to defendant, and 8 entries totaling 1.6 hours for phone calls with defendant, none of which provide any specificity about the tasks undertaken. *See, e.g.,* Pet. Ex. 10, 9/26/14 ("Phone with defendant"); Pet. Ex. 11, 8/7/14 ("Doc. 5"); Ex. 12, 3/18/15 ("Email to Defendant"); Pet. Ex. 13, 10/14/14 ("Doc. 11"); Pet. Ex. 14, 8/13/2015 "Email to Defendant"); Pet. Ex. 15, 7/29/15 ("Doc. 30"); Pet. Ex. 16, 4/4/16 ("Email to Defendant").

Such records "make[] it impossible for the [C]ourt to verify the reasonableness of the billings, either as to the necessity of the particular service or the amount of time expended on a given legal task." *In re Sealed Case*, 890 F.2d 451, 455 (D.C. Cir. 1989) (per curiam). Absent reliable information to determine reasonableness, the Court has discretion to reduce such hours. *Hensley*, 461 U.S. at 433; *see also Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 807 (11th Cir. 2011) (affirming award and noting court "reduced the fees for Mr. Marban by 20% because 'he describe[d] the work performed on numerous tasks with only one corresponding time entry.'"); *Ford v. Navika Capital Grp., LLC*, No. 14-00311, 2017 WL 1381668, at *10 (S.D. Ala. Apr. 17, 2017) (applying across-the-board reduction in fee award for deficiencies in petition including "vague time entries [and] block billing/inadequate description billing") (collecting cases); *Maner v. Linkan, LLC*, No. 12-CV-1088, 2014 WL 2699932, at *3 (N.D. Ala. June 13, 2014) ("Further, Ms. Maner's counsel frequently provided insufficient detail for the court to discern the nature and quality of the hours expended.  In each of these cases, the court discounted the entered hours from the total amount sought."); *see also Villano v. City of Boynton Beach*, 254 F.3d 1302, 1311 (11th Cir. 2001); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1323 (M.D. Fla. 2001); *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

Additionally, Petitioners have claimed travel time that cannot be distinguished in a block-billed entry, and that is wholly disproportionate to the legal work performed.  *See, e.g.,* Pet. Ex. 12, 4/15/15 (4.70 hours for three-hour long deposition, including description "travel" and other entries); Ex. B, Excerpts of K. Lopez-Easterling Dep. Transcript (showing deposition started at 9:43 AM and ended at 12:40 PM); Pet. Ex. 17, 1/31/17 (4.5 hours for 50-minute deposition, including "travel downtown for DW depo" and other entries); Ex. C, Excerpts of D. Williams Dep. Transcript (showing deposition started at 9:12 AM and ended at 10:02 AM);  Pet. Ex. 17,

2/1/17 (9.0 hours for less than an hour and a half-long deposition, including description, "travel to Alphareta, GA"); Ex. D, Excerpts of G. McCaster Dep. Transcript (showing deposition started at 6:09 PM and ended at 7:35 PM); *see also* Pet. Ex. 17, 5/16/17 (12.0 hours including "travel"); *id.,* 5/17/17 (13.0 hours including "travel"); *id.*, 5/18/17 (8.0 hours including "travel" wherein the jury had returned the verdict by 1:00 PM).  While Petitioners argue that "travel" time expended during trial from May 16, 2017 through May 18 included time spent rehearsing opening and closing (Pet. at 14, n.4), the notation does not provide any distinct time entry that would help the Court or Charter understand the time expended.  Moreover, Petitioner has no rebuttal to the travel time entries for depositions which took a fraction of the time.  Travel time is not time spent lawyering for which Charter should be charged.  *See Maner*, 2014 WL 2699932, at *3 ("Additionally, while the court allowed mileage to and from Anniston, Alabama, for hearings on and trial of this case, it disallowed attorney fee time (over $3000 for Mr. Saxon and almost $1000 for Ms. Murphy) for such travel.")  Accordingly, the Court should exercise its discretion to reduce Petitioners' award based on vague, block-billed, and travel entries.

### 4.    Fees Associated With Preparing And Filing The Fee Petition Should Be Reduced.

The Petition also includes over 10 hours expended on preparing the fee petition.  *See* Pet. at 15.  Although time spent preparing a fee petition can be compensable, the Court must also "consider how the award of fees for fees creates an incentive to expand the litigation on an issue that only indirectly benefits the plaintiff."  *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003) ("Lawyers should not be compensated for turning the litigation about attorneys' fees into a second major litigation.") (internal quotations omitted); *see also Souza v. Southworth*, 564 F.2d 609, 614 (1st Cir. 1977) ("[T]he fact that litigation over fees only indirectly benefits the plaintiff class is a consideration of some importance in a determination of

the reasonableness of a particular fee for these services."). "While courts cannot entirely deny recovery of fees for litigating fees, courts can deduct any unreasonable fees spent litigating fees." *Asbun v. Resende,* No. 15-61370-CIV, 2016 WL 7635459, at *8 (S.D. Fla. Sept. 26, 2016) *citing Thompson*, 334 F.3d at 1245.

Here, Petitioners have spent considerable time preparing the fee petition relative to litigating the merits of the case. For example, they expended half of the time spent on summary judgment briefing on preparing the fee petition. *Compare* A. Arnold's 10.6 hours, including preparing and filing fee petition (Pet. at 15; Pet. Ex. 25) *to* 20.60 hours spent on summary judgment briefing (Pet. at 10). Though Petitioners can recover for time spent preparing the fee petition, the award can (and should) be reduced where the hours spent are unnecessary. *See Thompson,* 334 F.3d at 1245 (concluding "district court's fee reduction" for counsel's "number of hours and the hourly rate associated with [counsel's] claim for fees" was "within the court's discretionary authority."); *Asbun v. Resende*, 2016 WL 7635459, at *8 (S.D. Fla. Sept. 26, 2016) (reducing award for petition-related fees for hours found to be "excessive and unnecessary," where response included relatively simplistic arguments).

**C.      Petitioners' Bill of Costs Should Be Reduced For Expenses Not Adequately Supported.**

Courts are limited to taxing costs enumerated in 28 U.S.C. § 1920. Under 28 U.S.C. § 1920, only the following items may be taxed as costs: "(1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services." *Pilipajc*

*v. Atria Group, LLC*, No. 13-CV-2415, 2016 WL 7228875, at *5 (M.D. Fla. Jan. 19, 2016) *citing* 28 U.S.C. § 1920.

Although witness fees are properly charged under 28 U.S.C. § 1920, the Court is restricted to awarding witness fees under 28 U.S.C. § 1821 ($40 per day).  Here, Petitioners have not adequately supported the $187.97 charged for mileage for witness McCaster – they have not included any breakdown of the mileage expended or the cost per mile charged.  Under these circumstances, the Court should reduce Petitioners' request to merely $40 for McCaster's attendance at trial under 28 U.S.C. § 1821.  *See Pilipajc*, 2016 WL 7228875, at *6 (reducing Bill of Costs to $40 per day for each day of attendance of witnesses where "Plaintiff's Proposed Bill of Costs includes a total attendance cost for each witness, but it does not include an itemization for subsistence or mileage and does not include a receipt or evidence of such costs.").

Similarly, Petitioners have charged $116.50 for "[f]ees and disbursements for printing," but have not provided any itemized invoices or otherwise explained how the printing was necessary for use in this case as required under 28 U.S.C. § 1920.  Without any verification of these costs, the Court should deny Petitioners the $116.50 for printing in its entirety.  *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.,* 268 F. App'x 837, 846 (11th Cir. 2008) (finding district court did not abuse discretion in reducing costs award for "unspecified copying by an outside provider, which did not allow the court to determine whether the documents were necessarily obtained for use in the case.") *citing* 28 U.S.C. § 1920(4) (providing for "[f]ees for exemplification and copies of papers *necessarily obtained for use in the case*" (emphasis added)).

Accordingly, the Court should reduce Petitioners' cost award by $304.47 to $1,446,06.

13

## III.     Conclusion

In light of the foregoing, Charter respectfully requests the Court reduce Petitioners' fees award by 40% (or $86,274.00), to no more than $129,411.  However, even if the Court is not inclined to reduce the award due to Plaintiff's lack of success, Charter requests the Court reduce Petitioners' fees award to remove duplicate and redundant time entries and account for vague, block-billed, and improper time entries.  Petitioners' Bill of Costs should also be reduced by $304.47 to $1,446,06.

Dated: July 14, 2017

Respectfully submitted,

CHARTER COMMUNICATIONS, LLC
By:   s/ Stephanie H. Mays
*One of Its Attorneys*

Stephanie H. Mays
Maynard, Cooper & Gale PC
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
T: 205-254-1844
F: 205-254-999

Sari M. Alamuddin (pro hac vice)
Meredith E. Riccio (pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, 5th Floor
Chicago, Illinois  60601
T: 312-324-1000
F: 312-324-1001
salamuddin@morganlewis.com

*Attorneys for Defendant Charter*
*Communications, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of July, 2017, a true and correct copy of the foregoing was submitted via the Court's ECF system and hereby served upon all counsel of record.

*s/ Meredith E. Riccio*
*Attorney for Defendant*
