UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KAREN LOPEZ-EASTERLING,** | }<br>} |
| **Plaintiff,** | }<br>} |
| v. | } Case No.: 2:14-cv-01493-RDP<br>} |
| **CHARTER COMMUNICATIONS LLC,** | }<br>} |
| **Defendant.** | }<br>} |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff's Petition for Attorneys' Fees. (Doc. # 92). The matter has been fully briefed. (Docs. # 93, 98, 99, 104 and 105).

**I.      Relevant Background**

In this case, Plaintiff filed a one-count Complaint to recover overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, for uncompensated work performed during her lunch break. (Doc. # 1). The case was actively litigated for over two years. There were numerous unrequited overtures from Plaintiff to Defendant to resolve the claim prior to trial. (Doc. # 99-2). Defendant made crystal clear that it had no interest in resolving the case and exercised its right to ignore all of Plaintiff's proposals. Thereafter, the dispute was ultimately tried to a jury. (Doc. # 82). The jury found in favor of Plaintiff. (*Id.*).

More specifically, the jury found Plaintiff had proved by a preponderance of the evidence that (1) she worked in excess of forty hours in a week in at least one workweek and was not paid for that overtime, (2) Defendant actually or constructively knew that Plaintiff worked over 40 hours in at least one workweek without pay, and (3) Defendant failed to pay Plaintiff overtime pay as required

by law. (Doc. # 82 at pp. 1-2). The jury further found that Defendant had not established by a preponderance of the evidence that the unpaid work over forty hours per week was *de minimis.* (*Id*. at p. 2). The jury did not find that Defendant knew or showed reckless disregard for whether the FLSA prohibited its conduct. (*Id.*).

On June 13, 2017, the court entered judgment on the jury's verdict on the one count of the Complaint in favor of Plaintiff against Defendant in the amount of $5,355.72. (Doc. # 91). The court's Final Judgment also held that Plaintiff is entitled to recover reasonable costs and attorneys' fees. (*Id.*). The court now considers Plaintiff's Petition for those fees and costs.

## II.    Standard of Review

The text of the FLSA provides that reasonable attorney's fees and costs are to be awarded as a matter of course to a prevailing plaintiff. See 29 U.S.C. § 216(b) (when employer violates FLSA's overtime or minimum-wage provisions, the court "shall ... allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir.1985) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs."). Here, Defendant concedes that Plaintiff prevailed at trial, and is therefore entitled to recover a reasonable fee under § 216(b). (Doc. # 98). However, Defendant argues that Plaintiff's request for fees and costs is not reasonable and should be reduced. (Doc. # 98).  Notably, Defendant does not challenge the hourly rates charged by Plaintiff's counsel.[1] (*Id.*). Therefore, this analysis will focus on the "reasonableness" of the hours expended.

"The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.... The product of

---

[1] The court notes that the requested rates have evidentiary support in the form of affidavits documenting each timekeeper's qualifications and applicable market rates. Given Defendant's acquiescence to these claimed rates, and the record evidence supporting them, the court accepts Plaintiff's request for reimbursement at hourly rates of $450 per hour for David Arendall and Will Hancock, and $325 per hour for Allen Arnold.

these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc*., 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted). However, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward." *Cullens v. Georgia Dep't of Transp*., 29 F.3d 1489, 1492 (11th Cir. 1994) (citation omitted); *see also Reynolds v. Alabama Dep't of Transp*., 926 F.Supp. 1448, 1453 (M.D. Ala. 1995) ("After calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upward or downward.").

In fixing a reasonable fee, courts in this Circuit consider the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717–19 (5th Cir. 1974), which are as follows: "1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to the acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the 'undesirability' of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases." *Farley v. Nationwide Mut. Ins. Co*., 197 F.3d 1322, 1340 n. 7 (11th Cir. 1999); *see also Bivins*, 548 F.3d at 1350 ("In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court is to consider the 12 factors enumerated in *Johnson*.").

**III. Analysis**

    **A. Reasonable Hours**

"Fee applicants must exercise what the Supreme Court has termed billing judgment. ... That means they must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours." *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citations and internal marks omitted). Thus, the district court "must be reasonably precise in excluding hours thought to be unreasonable or unnecessary," and "is charged with deducting for redundant hours." *Norman v. Alorica, Inc*., 836 F.2d 1292, 1301 (S.D. Ala. 2012). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary. Courts are not authorized to be generous with the money of others." *ACLU of Georgia*, 168 F.3d at 428 (internal quotation marks omitted).

Defendant argues that Plaintiff's fee petition is unreasonable in the following respects: (1) the award should be reduced because Plaintiff only partially prevailed; (2) Plaintiff cannot recover for duplicative time entries; (3) Plaintiff cannot recover for vague time entries; (4) Plaintiff cannot recover for preparation of the fee petition; and (5) the cost bill should be reduced for expenses not adequately supported. (Doc. # 98).

    **A. Plaintiff Prevailed On Her Single FLSA Claim**

Defendant argues that, because Plaintiff did not prevail on her request for liquidated damages, she did not fully prevail on her FLSA claim. The court disagrees. Plaintiff's Complaint presented one claim on which Plaintiff prevailed at trial. The jury's favorable finding regarding Defendant's good faith defense to liquidated damages operated to reduce the damages for which

it was responsible, but that finding did not negate Plaintiff's "win" on her FLSA claim. The jury found by a preponderance of the evidence that Defendant violated Plaintiff's FLSA rights.

### B.  Duplicative Time Entries

A case staffed by multiple attorneys does not inherently indicate duplication of work; hours should be reduced only if the attorneys are "unreasonably doing the same work," *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983), or doing unnecessary work. The court finds that the time expended by Plaintiff's counsel on this case was not excessive or redundant, with very limited exceptions.

Experienced counsel, David Arendall and Allen Arnold, ably prosecuted this case for over two and a half years. After conducting a pretrial conference, on September 16, 2016, the court set this case for trial on February 13, 2017. On January 24 and 25, 2017, in preparation for trial, Arendall and Arnold filed an itemization of damages, witness and exhibits lists, a motion in limine, an opposition to a motion in limine, and joint proposed jury instructions. (Docs. 38-41, 45 and 46). By January 31, 2017, Arendall and Arnold had filed another motion in limine, objections to Defendant's proposed exhibits, and objections to Defendant's proposed voir dire. (Docs. # 49, 50 and 53). After these pretrial documents had been filed, on February 3, 2017 -- ten days before the scheduled trial date -- attorney William Hancock appeared as additional counsel for Plaintiff. (Doc. # 57).

The court has reviewed Defendant's arguments in support of a reduction in the claimed fees and finds them largely unconvincing. However, in light of the timing of additional counsel's appearance, the court reviewed the time records submitted in support of Plaintiff's fee petition and finds that Defendant should not be required to fund Plaintiff's game-time decision to add additional counsel and his time spent getting up to speed on the case. Therefore, the court

disallows a portion (one-half) of the following time entries which, although they constitute trial preparation, appear at least in part to be (1) designed to get attorney Hancock "up to speed," or (2) are duplicative of trial preparation already conducted by Arendall and/or Arnold:

> 2/1/2017 – 3.2 hours for a [second] conference call with David Arendall regarding role in assisting with the case; review policy documents regarding clock, reporting, meal periods, etc.; review docket entries.
>
> 2/3/2017 – .25 hours for drafting a Notice of Appearance.
>
> 2/3/2017 – 4.6 hours for review of depositions and exhibits.
>
> 2/4/2017 – 5.3 hours for review of briefs and depositions.
>
> 2/6/2017 – 6.1 hours for review of Charter policies and procedures, including eTime training; review depositions; research regarding calculation of damages; review pattern jury instructions; correspond with David Arendall regarding various trial strategy and evidence issues.
>
> 2/8/2017 – 3.7 hours to outline plaintiff's deposition to prepare to "prep" her for cross,[2] participate in continuance conference call; correspond with David Arendall regarding trial strategy.
>
> 5/5/2017 – 6.7 hours to Correspond with Meredith Riccio and Sari Almuddin; revise proposed charges; begin outlining Polanco examination.[3]

(Compare Doc. # 92-17 with Doc. # 92-21 (showing similar time expended by Arendall and Hancock)).

The court is also of the opinion that too much time was spent revising proposed jury instructions for a mostly straight-forward FLSA claim after joint proposed instructions had already been filed with the court:

> 4/16/2017 – 3.4 hours to revise joint proposed jury charges.
>
> 4/17/2017 – 4.6 hours to revise joint proposed jury charges; correspond with David Arendall and Sari Almuddin.

---

[2] Attorney Arendall had already outlined Plaintiff's deposition prior to attorney Hancock's appearance. (Doc. # 92-17).

[3] Attorney Arendall had already outlined Polanco's deposition prior to attorney Hancock's appearance. (Doc. # 92-17).

6

(Docs. # 45, 92-17 and 92-22).

Subject to the entries noted above, the court finds that the hours submitted by Plaintiff are otherwise reasonable, and that no *Johnson* factors weigh in favor of increasing or decreasing the hours.

After the parties attempted to mediate the fee issue, Plaintiff filed a Supplement to her Petition for Attorneys' Fees in which she accepted the lodestar challenges raised by Defendant. (Doc. # 104 at 4). She also petitioned for an award of additional hours for preparation of the Reply in support of the Petition, and for attendance at the mediation. (*Id.* at 4-5).

Based on its own review of the record and the fee petition, the court concludes that the following reduction to the Fee Petition is warranted: 50% x 37.85 hours for Will Hancock for a total of 18.75 hours at $450 per hour, or $8,437.50. The court further concludes that the following addition to the Fee Petition is warranted: 7.5 hours for Allen Arnold at $325 per hour and 4.5 hours for Will Hancock at $450 per hour, or $4,462.00.

## C.   Plaintiff's Counsel's Time Entries Are Sufficient

Defendant complains that Plaintiff's time entries are vague. The court disagrees. Plaintiff's counsel's time entries adequately describe the tasks for which compensation is being sought and does not require reduction of the fee award. Defendant's primary objection seems to be to "block" billing. However, "the mere fact that an attorney has included more than one task in a single billing entry is not, in and of itself, evidence of impermissible block-billing." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 2011 WL 13108095, at *3 (S.D. Fla. Apr. 7, 2011), report and recommendation adopted, 2011 WL 13108071 (S.D. Fla. Sept. 19, 2011). Moreover, here, in a single-claim case, the issue of block billing is less problematic because all

time entries are attributable to the particular claim on which Plaintiff prevailed. Therefore, Plaintiff's counsel's time entries are sufficient.

      **D.**      **Preparation of the Fee Petition is Recoverable**

Defendant's objection to hours expended on preparing the fee petition is without merit. Although the fee petition issue is subject to the same documentation requirements as other fees, "[w]ithout question, time expended on litigating a statutory attorney's fee petition is recoverable." *Lee v. Krystal Co.*, 918 F. Supp. 2d 1261, 1268 (S.D. Ala. 2013) (citing *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990) ("It is well settled that time expended litigating attorney fees is fully compensable.") and *Raetano v. M. Russell, LLC*, 2010 WL 3259434, *2 n. 3 (M.D. Fla. July 29, 2010) ("Time expended litigating attorney's fees is compensable.")).

Defendant complains that Plaintiff included ten (10) hours for preparation of the petition and argues that this is unreasonable in relation to the time spent litigating the case. But considering Defendant's "contest everything" approach in this litigation, Plaintiff's counsel cannot be faulted for carefully supporting the fee petition with evidentiary support. "It takes two to tango, and tango [Charter] did."[4] *Lee*, 918 F. Supp. 2d at 1268.

      **E.**      **Plaintiff's Bill of Costs**

Defendant challenges two items on Plaintiff's $1,750.53 Bill of Costs: (1) mileage paid to witness Gina (Hinkle) McCaster in the amount of $187.97; and (2) $116.50 for printing. (Doc. # 98 at 13).

Defendant asserts that it should only be responsible for Ms. McCaster's $40 witness fee, not for the mileage for her travel from Roswell, Georgia to Birmingham, Alabama for trial.

---

[4] And, to be crystal clear, the court finds that Charter, *not* Charter's counsel, has been the scorched earth actor in this case.

(Docs. # 40 at 1 and 98 at 13). Defendant relies on *Pilipajc v. Atria Grp., LLC* for the proposition that mileage should be disallowed were the record does not include a receipt or evidence of such costs. 2016 WL 7228875, at *6 (M.D. Fla. Jan. 19, 2016), report and recommendation adopted, 2016 WL 7228877 (M.D. Fla. Feb. 17, 2016). The court finds this situation distinguishable from that in *Pilipajc*. There is evidence in the record that Ms. McCaster lives in Georgia. (Docs # 40 at 1 and 92-17 at 2). Although the court is not a travel agent, a quick search on MapQuest reveals there are two routes between the United States Courthouse in Birmingham, Alabama and Ms. McCaster's listed address which range from 171 miles to 180 miles. Plaintiff's claimed mileage of 352 miles appears to be based on a 176 mile round trip. Dividing the claimed $187.97 cost by 352 miles reveals that Plaintiff used a mileage reimbursement rate of 53.4 cents per mile, slightly less that the 2017 IRS mileage rate of 53.5 cents per mile. Plaintiff also provided evidence of payment of this amount to Ms. McCaster. (Doc. # 93). The court finds that the record contains sufficient evidence that these costs were reasonably incurred in this litigation.[5]

Finally, Defendant argues that Plaintiff has not provided sufficient back up for her claim for a total of $116.50 in costs for printing. Plaintiff's Exhibit List contained twenty-nine (29) exhibits, and even the primary exhibits comprise approximately 295 pages. (Doc. # 39). The secondary exhibits consist of exhibits to depositions and documents produced by Defendant. (*Id.*). Exhibit D to the court's Pretrial Order *requires* not only premarked trial exhibits, but also a notebook for the bench containing anticipated trial exhibits. (Doc. # 36 at 9). Frequently, additional copies of this notebook are made for use by counsel at trial. Therefore, the sum of

---

[5] "Title 28 U.S.C. § 1821(c)(2) provides: 'A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.' http://www.gsa.gov/portal/category/104715.'" *Langford v. Hale Cty. Alabama Comm'n*, 2016 WL 4976859, at *12, n.14 (S.D. Ala. Sept. 16, 2016)

$116.50 is a reasonable sum for printing costs incurred in preparation for trial. The court finds that the record contains sufficient evidence that these costs were reasonably incurred in this litigation.

## IV.     Conclusion

Defendant had multiple opportunities to resolve this case prior to trial and chose not to do so. Indeed, Defendant stated that it was not interested in settlement and was trying the case on principle. In light of that position, the court gave Defendant a warning that went something like this: "you have the absolute right to take that position, but if you lose at trial – in for a dime, in for a dollar." As the Supreme Court has noted, Defendant "could have avoided liability for the bulk of the attorney's fees for which they now find themselves liable by making [or entertaining] a reasonable settlement offer in a timely manner. ... '[A defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.'" *City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986) (quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. Cir. 1980) (en banc)).

Plaintiff's Petition for Attorneys' Fees (Doc. # 92) is due to be granted in part subject to the adjustments noted herein.  A separate order will be entered.

**DONE** and **ORDERED** this December 15, 2017.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE